S. A. PIERCE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1154. Promulgated November 5, 1927.

1. In 1919 petitioner conveyed certain oil and gas rights which had cost her nothing to a philanthropic society which sold such property and invested the proceeds. Thereafter petitioner claimed to own the property purchased with such proceeds. A suit was instituted to determine such claims and in 1920 was settled by agreement, portions of such property being set off to petitioner and to the society. The property set off to petitioner was sold by her in 1920 for the amount it had cost the society in 1919. *Held,* that petitioner is taxable in 1920 upon the proceeds of such sale.

2. In such circumstances a judgment entered pursuant to an agreement between petitioner and the society compromising their differences, is not a determination that the society held the property purchased by it in 1919 as a constructive trustee for petitioner.

*J. F. O'Brian, Esq.*, for the petitioner.
*S. S. Faulkner, Esq.*, for the respondent.

The proceedings arise from the determination by the Commissioner of a deficiency in income tax for 1920 of $2,769.89.  It is alleged that the respondent committed error in treating $23,999.43 as profits to the petitioner, which amount was one half of the proceeds received from the sale of lots Nos. 3 and 4 in block No. 44, Fort Worth, Tex., by the petitioner and her husband in 1920.

### FINDINGS OF FACT.

The petitioner is an individual residing at Strawn, Tex.  In 1919 P. P. Pierce and petitioner, his wife, owned certain property situated in the State of Texas.

On or about June 4, 1919, the Forth Worth Philanthropic Society was incorporated under the laws of the State of Texas, " for the support and maintenance of certain benevolent and charitable undertakings."  It had no capital stock.  P. P. Pierce, husband of petitioner, was one of the directors named in the certificate of incorporation, but was not one of the incorporators.

On July 10, 1919, P. P. Pierce and wife executed a mineral deed to the Fort Worth Philanthropic Society, which recited in part as follows :

That P. P. Pierce and his wife, S. A. Pierce, hereinafter called Grantors, for and in consideration of One ($1.00) Dollar and other good and valuable consideration cash in hand paid by the Fort Worth Philanthropic Society, a corporation organized under the laws of the State of Texas, hereinafter called Grantee, the receipt of which is hereby acknowledged.

Have Granted, Bargained Sold, conveyed assigned and delivered and by these presents do grant, bargain, sell convey assign and deliver unto the said Grantee an undivided one half interest (½) of all the oil, gas and other minerals in and under, or that may be produced from the following described lots, tracts and parcels of land lying and being situated in the County of Stephens, State of Texas, to wit:

\*      \*      \*      \*      \*      \*      \*

Also an undivided one-half (½) of all right, interest and estate under and by virtue of an oil and gas mining lease or other mineral lease now, or hereafter existing upon said premises or any part thereof, including all delay money, rents, royalties bonuses and revenues accrued and to accrue; and also the perpetual and irrevocable right, privilege, and easement to enter upon said land and to mine and drill and explore for oil, gas and other minerals in and under said land or that may be found thereon or thereunder, and to care for and remove the same therefrom, and also the right of possession and use of so much of said premises at all times as may be necessary to the practical carrying out of the purposes and provisions of this grant.

It is understood that the above described land is now subject to an oil and gas lease executed in favor of Texas Pacific Coal and Oil Company.

It is further understood that this conveyance is authority for lessee under the above-mentioned lease, and for the lessee under any other lease for oil, gas, or other minerals covering the above-described premises and revenues to the Grantee herein.

It is further understood that should the present lease for any reason be cancelled, forfeited, or terminated, the Grantee herein shall own an undivided one-half (½) of all oil, gas, or other mineral, as if the Grantee, The Fort Worth Philanthropic Society was the owner of an undivided one-half (½) of said land.

On July 14, 1919, the Fort Worth Philanthropic Society executed a mineral deed to E. R. Kemp by which it conveyed to him for the consideration of $144,000 in cash one-half of the mineral rights which it had received from P. P. Pierce and wife.

On October 6, 1919, the Fort Worth Philanthropic Society purchased from W. C. Griffin, lots Nos. 3 and 4 in Block No. 44, Fort Worth, Tex., for the consideration of $85,000 paid and secured to be paid as follows: $50,000 cash and the assumption of the vendors' three negotiable promissory notes in amounts of $15,000, $10,000, and $10,000, and payable to the order of B. L. Anderson, Trustee, on or before one, two, and three years, respectively, from the date thereof, September 4, 1919, with interest at 7 per cent. Pierce and his wife claimed to be the owners of such property and of the other property conveyed to it by them or acquired by it.

On June 29, 1920, in an action entitled "*The Fort Worth Philanthropic Society, a corporation*, v. *P. P. Pierce, et Ux*," to determine the rights and claims of the respective parties in certain properties sued for in plaintiff's petition, the parties agreed upon a judgment to be rendered in said cause, and the court having considered the agreement and heard the evidence relative thereto, rendered a judgment in accordance with its terms. This judgment recited in part as follows:

It is further ordered, adjudged and decreed by the court that the plaintiff do have and recover of and from the defendants the fee simple title to the following described land and premises to-wit:

All the certain parcel or tract of land situated in the City of Fort Worth, County of Tarrant, State of Texas, and more particularly described as follows: All of Lot 9 and the North 25 feet of Lot No. 10 in Block 50 in the City of Fort Worth, and more particularly described as fronting 125 feet on Throckmorton Street and 95 feet North on Third Street, in said City of Fort Worth for which plaintiff may have its writ of possession.

It is further ordered, adjudged and decreed by the court that the defendants P. P. Pierce and S. A. Pierce do have and recover of and from the plaintiff the fee simple title to the following described land and premises:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

FIRST TRACT: (Here follows a description of the property in which mineral rights were granted to the Fort Worth Philanthropic Society by Pierce.)

SECOND TRACT: All that certain lot, tract and parcel of land lying, being and situated in the County of Tarrant, City of Fort Worth, and State of Texas, and commonly known and described as Lots Nos. 3 and 4, in Block No. 44, according to the old Town plat of the City of Fort Worth, said property being the South one-half of said Block No. 44, fronting East on Throckmorton Street and more particularly described by metes and bounds as follows, to-wit:

\*      \*      \*      \*      \*      \*      \*

THIRD TRACT: Lot tract or parcel of land lying and being situated in Fort Worth, Tarrant County, Texas:

The North one-half of Lot No. One and the East one-half of Lot No. Two in Block 76, of the City of Fort Worth, Texas, for which the defendants may have their writ of possession; that all right, title and interest heretofore held by the defendants be divested out of them and vested in plaintiff, to the tract of land above awarded to the plaintiff and that all right, title and interest of the plaintiff be divested out of the plaintiff and vested in the defendants in the above described tracts of land awarded to the defendants; that the plaintiff recover no pecuniary damages in this suit.

It is further ordered, adjudged and decreed by the court that the defendants pay all costs of this suit; that execution may issue in favor of the officers of the court against said defendants for such costs.

On June 30, 1920, P. P. Pierce and wife, S. A. Pierce sold and conveyed to N. Gabert and John P. Muller lots Nos. 3 and 4 in block No. 44 according to the old town plat of the City of Fort Worth, Tex. The consideration was as follows:

| | |
|---|---:|
| Cash to P. P. Pierce and wife | $12, 958. 85 |
| Vendor's lien notes to P. P. Pierce and wife | 24, 662. 175 |
| Vendor's lien notes to W. P. McLean, Jr | 10, 337. 825 |
| By assumption of three existing lien notes | 35, 000. 00 |
| By assumption of interest on existing lien notes | 2, 041. 15 |
| | 85, 000. 00 |

The Commissioner determined that the petitioner realized income from this sale, measured by one-half of the cash and notes received on the sale and determined the deficiency accordingly.

OPINION.

PHILLIPS: The facts presented to us in this proceeding are not involved. On July 10, 1919, Pierce and his wife, the petitioner here, conveyed to the Fort Worth Philanthropic Society a one-half interest in the oil and gas rights upon a farm which they owned. Four days later the Society sold for $144,000 one-half of the interest so conveyed to it and shortly thereafter purchased certain property, apparently with a portion of the proceeds of the sale mentioned above.

The circumstances under which the conveyance by Pierce and his wife to the Society took place are not shown, but by 1920 we find them claiming title to the property which they had conveyed to the

Society and to that purchased by the Society with the proceeds of the rights sold. The Society then instituted a suit to determine the claims of the respective parties. A compromise of the suit was agreed upon in 1920 and on June 29, 1920, a judgment was entered accordingly, under which Pierce and his wife regained the unsold portion of the oil and gas rights upon their farm and a part of the property purchased by the Society with the proceeds of the rights which had been sold. On the next day, Pierce and his wife sold one parcel of the property so set off to them. The Commissioner asserts that the sales price, in excess of the mortgages assumed, represented income to Pierce and his wife in 1920 and proposes to assess a tax upon the petitioner accordingly.

We are concerned principally with the property purchased by the Society in 1919 for $85,000, set off to Pierce and his wife in 1920 by the court decree, and sold by them in that year for $85,000. On behalf of the petitioner it is contended that while the title was in the name of the Society, it held such title as constructive trustee and that the decree of the court in 1920, divesting the Society of title and recognizing Pierce and his wife as owners, related their ownership back to the time of its acquisition by the Society. If this be so, the property was acquired by Pierce and his wife in 1919 at a cost of $85,000 and sold in 1920 for the same amount, no gain or loss resulting.

We can not agree with counsel that the decree of the court established the Society as constructive trustee for Pierce and his wife. On that basis it would seem that the entire $144,000 received by the Society in 1919 from the sale of a portion of the oil and gas rights was income to Pierce and his wife in 1919. Had the decree of the court been entered after a hearing on the merits, and revested in Pierce and his wife the entire $144,000 so received, or the property purchased with that money, the contention would have a better basis, although in such a case it is doubtful whether the petitioner could have been said to have realized taxable income in 1919. The situation presented, however, is that of a decree entered pursuant to an agreement reached between the parties. The Society retained some property; Pierce and his wife received some. It represented a compromise and not a clear-cut decision of the issue, and can not logically be said to have established any trust relationship upon the part of the Society. The petitioner relies upon the court decree and has furnished us with no evidence from which we might determine whether any trust relationship was created by the circumstances under which the deed was given.

When we look at the substance of the transaction we find that the petitioner has disposed of a portion of her oil and gas rights which

appear to have cost her nothing, and received certain other property therefor. The transaction is clearly taxable in either 1919 or 1920. Unless a trust existed, all the petitioner had in 1919 was an unliquidated claim against the Society, the validity of which was in dispute and which claim has never been adjudicated, being settled by compromise. We are of the opinion that in such circumstances there is in effect an exchange of property and that the income is realized when the property is received in compromise of the claim. The action of the Commissioner in assigning the income to the year 1920 is approved.

It is further contended that in computing the gain the vendor's lien note of $10,337.82 to W. P. McLean, Jr., should be eliminated, since this was not a payment to the petitioner. There is no explanation of the reason for making a part of the selling price payable to McLean instead of Pierce and his wife. The note to him represented no lien on the property at the time of its sale and presumably represented a payment to him from Pierce and wife. It is therefore properly included as a part of the proceeds of the sale, and there being no evidence that it is deductible from income, the determination of the Commissioner must be followed.

It is noted that the Commissioner computed the petitioner's gain at $23,999.43, whereas the correct amount is $23,979.43. This adjustment reduces the deficiency to $2,765.49.

Reviewed by the Board.

*Decision will be entered accordingly.*